1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

PAIGE C.,

7
                              Plaintiff,
8
          v.

9
ACTING COMMISSIONER OF SOCIAL
SECURITY,

10
                              Defendant.

Case No. 2:23-cv-00236-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

11

12          Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of

13   defendant's denial of plaintiff's application for supplemental security income ("SSI") and

14   disability insurance benefits ("DIB") pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil

15   Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter

16   heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the Appeals

17   Council's ("AC") decision finding that plaintiff was not disabled prior to December 30,

18   2011. Dkt. 4, Complaint.

19                              PROCEDURAL HISTORY

20          On February 20, 2019 plaintiff filed an application for DIB and SSI alleging a

21   disability onset date of December 1, 2011. AR 270-283. Her last date insured is

22   December 31, 2011. On November 19, 2020, a hearing was held in front of

23   Administrative Law Judge ("ALJ") Jennifer Millington. AR 16-43. Following the hearing,

24

25

the ALJ requested interrogatories from an orthopedic specialist and a neurologist. AR 108. A second hearing was scheduled for September 14, 2021. AR 44-66.

On September 22, 2021 the ALJ issued a partially favorable decision finding plaintiff was not disabled for the purposes of SSI prior to December 6, 2018 but became disabled on that date and continued to be through the date of the decision. AR 104-125. The ALJ found that plaintiff was not disabled for the purposes of DIB through the date last insured, December 31, 2011. AR 124. The ALJ found that prior to December 6, 2018 there were jobs that existed in significant numbers in the national economy that plaintiff could have performed such as: Assembler Eye Glass Frames, DOT Number 713.687-018; Stuffer Sports Equipment, DOT Number 731.685-014; Fishing Reel Assembler, DOT Number 732.687-062. AR 123.

On November 21, 2022, the Appeals Council ("AC") granted review only over the DIB portion of the ALJ's decision. AR 9. On January 10, 2023, the AC issued an unfavorable decision, finding that plaintiff was not entitled to DIB during the period from plaintiff's alleged onset – December 1, 2011 – through December 31, 2011, the date last insured. AR 9-11. The AC adopted the ALJ's residual functional capacity ("RFC") except that the AC did not adopt the ALJ's finding that plaintiff would need a walker for ambulating. AR 10; *See* AR 112.

The AC found plaintiff had the following severe impairment: degenerative disc disease. AR 12. And the AC found plaintiff had the residual functional capacity ("RFC") to perform a reduced range of sedentary work with the following additional nonexertional limitations: plaintiff could stand and walk two hours per eight-hour workday, could occasionally operate foot controls, never climb ladders, ropes and

1    scaffolds, occasionally climb stairs and ramps, occasionally balance, stoop, kneel,

2    crouch, and crawl, never work at heights or around moving mechanical parts and was

3    limited to concentrating on simple, routine tasks. *Id.*

4         Plaintiff filed this appeal. The period of consideration of this appeal is from the

5    December 1, 2011 (alleged onset date) to December 31, 2011 (date last insured, for

6    DIB).

7                                      STANDARD

8         Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

9    denial of Social Security benefits if the ALJ's findings are based on legal error or not

10   supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874

11   F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such

12   relevant evidence as a reasonable mind might accept as adequate to support a

13   conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations

14   omitted). The Court must consider the administrative record as a whole. *Garrison v.*

15   *Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the

16   evidence that supports and evidence that does not support the ALJ's conclusion. *Id.*

17   The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did

18   not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope

19   of the Court's review. *Id.*

20                                     DISCUSSION

21   **1. Medical evidence.**

22

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Plaintiff challenges the ALJ's and the AC's evaluations of the performance-based physical capacity evaluation ("PBPCE") signed by Nirkisha Malladi, M.D. and the opinion of Kristin Blik, ARNP.[1]

Plaintiff filed the claim on February 20, 2019, so the ALJ applied the 2017 regulations. *See* AR 104-124. Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b).

The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The Court found that "the requirement that ALJ's provide 'specific and legitimate reasons'[2] for rejecting a treating or examining doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's to give a "more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources." *Id.* at 792. Under the new regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2). *Id.*

---

[1] Plaintiff also challenged the ALJ's evaluation of Eric Schmitter, M.D. in her opening brief but withdrew that argument in her reply brief.

[2] *See Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

A.  Dr. Nirkisha Malladi, M.D.

On December 22, 2011, Dr. Malladi signed a PBPCE on behalf of plaintiff. AR 532. The PBPCE was based on information gathered over a 28-day period as a part of a Return-to-Work Pain Management Program at UBC Inc. AR 531. The PBPCE indicated that plaintiff was limited to sitting one hour per day without restriction and sitting four to five hours in an eight hour day intermittently for various lengths of time. AR 532.

It indicated that plaintiff could stand for an hour at a time without restriction and would be able to stand three to four hours in an eight-hour day intermittently for various lengths of time. *Id*. It indicated that she could walk for a half an hour at a time without restriction and walk two to three hours in an eight-hour day intermittently for various lengths of time. *Id*. It was noted that plaintiff used a cane "on all outdoor walks with observed varying gait patterns." *Id*.

She was assessed to be able to alternatively sit/stand/walk for eight hours in an eight-hour day, and alternatively stand/walk for four to five hours in an eight-hour day. *Id*. The PBPCE indicated that plaintiff was limited to lifting between five to ten pounds, depending on the frequency and level. *Id*. It additionally indicated that she could occasionally squat, kneel, reach overhead, perform fine manipulation, bend/stoop, crouch, and climb stairs. *Id*.

The ALJ referred to the PBPCE only to note that "it was determined that the claimant was capable to a sedentary physical demand classification and was capable of returning to work as of December 2011." AR 114. Similarly, the AC cited the PBPCE for

1   the conclusion that plaintiff was capable of returning to work at the sedentary level

2   without the use of a walker. AR 10.

3       Plaintiff argues that the AC erred because the finding that plaintiff can perform

4   the full range of sedentary work conflicts with the PBPCE, but the AC did not specifically

5   reject, nor give any reasons for rejecting, any portions of the PBPCE. Dkt. 10 at 6.

6   Specifically, plaintiff challenges that the AC did not include the limitations in lifting and

7   carrying, doing fine manipulation tasks and reaching overhead, and using an assistive

8   device when walking that were included in the PBPCE. *Id*. at 6-7. Defendant responds

9   that the AC's decision is supported by sufficient evidence. Dkt. 15 at 5. Defendant

10  specifically argues that any error in failing to address the use of a cane was harmless,

11  the limitations in the PBPCE including sitting, walking, lifting, carrying, squatting,

12  kneeling, reaching, engaging in fine manipulation, bending/stooping, crouching, and

13  climbing were largely in accordance with the ability to perform sedentary work and the

14  RFC, and although the RFC did not include a limitation in fine reaching or manipulation,

15  the RFC was supported by the evidence.[3] Dkt. 15 at 4-8.

16      Here neither the ALJ nor the AC addressed the limitations included in the

17  PBPCE, but rather relied on the physical demand classification of "sedentary." *See* AR

18  532. Neither the ALJ nor the AC discussed the differences between the RFC and the

19  conclusion in the PBPCE that plaintiff was limited to sitting for four to five hours in an

20  eight hour workday, could lift up to ten pounds only occasionally, and was limited to

21  occasional fine manipulation. "Long-standing principles of administrative law require us

22

23  _____

    [3] The parties agree that the need for a cane is likely not probative of disability in this case and
24  therefore the Court will not address this limitation. *See* Dkt. 16 at 7. However, the ALJ should
    consider whether plaintiff has a need for a cane during the relevant period, on remand.

25
                                    6

1   to review the ALJ's decision based on the reasoning and factual findings offered by the

2   ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have

3   been thinking." *Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1225

4   (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 1995 (1947)).

5         It is unnecessary for the ALJ to "discuss all evidence presented." *Vincent on*

6   *Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted)

7   (emphasis in original). However, an ALJ "may not reject 'significant probative evidence'

8   without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting

9   *Vincent v. Heckler*, 739 F.2d 1395 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d

10   700, 706-07 (3d Cir. 1981))).

11         Here the PBPCE constituted significant, probative evidence – the VE testified

12   that "sitting for a total of five hours would typically preclude the sedentary employment"

13   even if an individual were able to stand and walk for four hours. AR 41. Additionally,

14   SSR 96-9p provides that "[i]f an individual is unable to sit for a total of 6 hours in an 8-

15   hour workday, the unskilled sedentary occupational base will be eroded." SSR 96-9p.

16   SSR 96-9p also discusses limitations in lifting and carrying and in fine manipulation

17   stating that "[i]f an individual is unable to lift 10 pounds or occasionally lift and carry

18   items like docket files, ledgers, and small tools throughout the workday, the unskilled

19   sedentary base will be eroded" and "[a]ny *significant* manipulative limitation of an

20   individual's ability to handle and work with small objects with both hands will result in a

21   significant erosion of the unskilled sedentary occupational base." SSR 96-9p. Had the

22   ALJ or the AC considered the limitations in the PBPCE it may have resulted in greater

23

24

25

limitations. Therefore, the AC erred by rejecting the significant probative evidence of the limitations addressed in the PNBCE without explanation.

An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). If the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient and the error is not harmless. *Id* at 1052, 1054*; see also, Carmickle v. Comm'r. Spc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished).

Here, as stated above, if the ALJ or the AC had considered the limitations and reasons for the limitations that were described in the PBPCE, there may have been a consideration of additional limitations and a decision to include greater limitations in the RFC. Therefore, the error was not harmless.

B. Dr. Daniel Nelson, M.D. and Kristin Blik, ARNP

Plaintiff argues that the ALJ erred in failing to address opinions from Dr. Nelson and ARNP Blik completed in April 2010, February 2011, and May 2011 as a part of plaintiff's treatment at Pain Consultants of Washington. Dkt. 10 at 8. Defendant responds that although the ALJ did not outright name ARNP Blik or discuss these specific forms, the Court may infer the ALJ rejected the opinions; defendant argues the ALJ  was not required to separately address each opinion rendered by ARNP Blik or Dr. Nelson. Dkt. 15 at 10.

ARNP Blik (who worked with Dr. Nelson) submitted Insurer Activity Prescription Forms to the Washington State Department of Labor and Industries on behalf of

plaintiff, on May 15, 2011. AR 817-819. ARNP Blik indicated that plaintiff could seldom

sit, stand/walk, bend/stoop, reach, or keyboard and could never climb (ladder/stairs),

bend/stoop, or crawl. *Id*.

       The AC did not address these opinions at all. The ALJ cited exhibit 1F and the

June 2013 opinion from Dr. Nelson and found these opinions "were rendered early in

the claimant's medical history and therefore do not necessarily take into account the

claimant's longitudinal treatment and are not necessarily an accurate representation of

the claimant's abilities and limitations in the relevant period." AR 119. However, the April

2010, February 2011, and May 2011 opinions are not contained in exhibit 1F,

Therefore, while there is an indication that the ALJ may have considered some of the

documentation submitted by workers compensation doctors of the same period, the

record does not indicate whether the ALJ considered the opinions of ARNP Blik or Dr.

Nelson at all.

       SSR 96-9p provides that "[a] complete inability to stoop would significantly erode

the sedentary occupational base and a finding that the individual is disabled would

usually apply, but restriction to occasional stooping should, by itself, only minimally

erode the unskilled occupational base of sedentary work." SSR 96-9p. Because of the

significance of the stooping limitations and, as discussed above, the sitting limitations,

the ALJ should have considered the limitations opined by ARNP Blik and Dr. Nelson.

Because these additional limitations were not considered or included in the assessment

of plaintiff's RFC, this error was not harmless. *See Stout v. v. Comm'r, Soc. Sec.*

*Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).

CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings to consider whether plaintiff was disabled during the relevant period and entitled to DIB and whether plaintiff was disabled for the purposes of SSI prior to December 6, 2018.

Dated this 29th day of February 2024.

Theresa L. Fricke
United States Magistrate Judge